## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Robert Hammond,

        Plaintiff,

    v.

DEPARTMENT OF DEFENSE et al.,

        Defendant.

Case No. 16-421(KBJ)

**SECOND DECLARATION OF JUDY J. BIZZELL, FREEDOM OF INFORMATION ACT (FOIA) OFFICER FOR WALTER REED NATIONAL MILITARY MEDICAL CENTER**

I, JUDY J. BIZZELL, hereby declare and state:

## I.    INTRODUCTION

1.    I am a Government Information Specialist assigned as the Freedom of Information Act (FOIA) Officer for Walter Reed National Military Medical Center (WRNMMC). I previously submitted a declaration ("First Bizzell Declaration") in this matter dated 28 June 2016, which I hereby incorporate by reference.

2.    Through the exercise of my official duties, I have become familiar with this civil action and the underlying FOIA requests. I make the following statements based upon my personal knowledge and information made available to me in my official

capacity. I am submitting this declaration in support of Defendant's Motion for Summary Judgment filed by DOJ.

3.    The purpose of this declaration is to explain and justify the WRNMMC's actions in responding to Plaintiff's FOIA requests at issue in this case. For the Court's convenience, I have divided the remainder of this declaration into eight sections.  Part II provides the Court with the procedural history of Plaintiff's Complaint and the WRNMMC FOIA Office's responses.

## II.   PROCEDURAL HISTORY OF PLAINTIFFS' FOIA REQUESTS

### A. Plaintiff's Request for FY13 WRNMMC FOIA and Privacy Act Report (Amended Complaint, paragraph 56)

4.    Plaintiff requested the FY 2013 FOIA Report Submission for Walter Reed in a letter dated April 1, 2014.

5.    By email dated 19 August 2014 (WRNMMC Case #14-47) the WRNMMC Office informed Plaintiff that "Request for this document is denied under Exemption B5 of the FOIA. The WRNMMC Annual FOIA reports are inter-agency/intra-agency documents. This office is not a final decision maker making the documents pre-decisional; thereby protected from disclosure."

6.    In another response, sent via email dated 22 April 2015 (WRNMMC Case #15-21), the WRNMMC Office informed Plaintiff that "All requests received in FY13 were reported as required. Your request for actual documents has been asked and answered

previously. You appealed our decision and [were] given a final
decision from your appeal. Please refer to that final decision."

7.    Plaintiff has received the FY13 Annual FOIA Report.
The Defense Health Agency ("DHA") compiles and submits Annual
Privacy reports.  Before the DHA took control over WRNMMC as a
military treatment facility, the WRNMMC Privacy Compliance
Office reported their FOIA annual results to the Department of
the Navy.  The WRNMMC FOIA Office sends FOIA data to the Defense
Health Agency for inclusion into the Congressional Report.
Final dissemination of data for the Congressional Report comes
from DHA.  At the time, WRNMMC DENIED the request for the FY13
FOIA report pursuant to FOIA exemption (b)(5) as an intra
agency, pre-decisional document because the numbers submitted by
WRNMMC are not a final report. The final FY13 FOIA report is
publically available.[1]  On or about May 11, 2015, the DHA
provided Plaintiff with the DHA TRICARE Management Fiscal year
2013 Annual FOIA report that the DHA provides every year to the
Department of Defense.  Given that the reports are now final,
the WRNMMC FOIA Office will no longer withhold from plaintiff
the FY 2013 FOIA Report Submission for Walter Reed.  A copy of
this submission is being released to Plaintiff. Therefore, no

---

[1] The DHA FOIA library is located at http://health.mil/Military-Health-
Topics/Privacy-and-Civil-Liberties/FOIA/FOIA-Library. The Report can be
located by query from that website at http://health.mil/Search-
Results?query=FY13%20Annual%20Report

information has been withheld from Plaintiff in connection with
this request.

8.    Additionally, Plaintiff received the WRNMMC FOIA
Office's FY13 submissions when a contractor working for DHA
released it to the plaintiff.  The document released was an
intra agency working document and reflected much more detail
than information that would be reported and made publically
available in annual FOIA reports. Plaintiff's Ex. A-1, p. 3-18.

**B. Request for FY13 WRNMMC FILA Quarterly Privacy Act
Report Submissions (Amended Complaint, paragraph 68)**

9.    By letter dated April 11, 2014, Plaintiff requested
the four FY13 Quarterly Privacy Act Report Submissions for
Walter Reed.

10.   On or about August 19, 2014, WRNMMC FOIA Office denied
the request for the four FY13 Quarterly Privacy Act Report
Submissions pursuant to FOIA Exemption(b)(5) as an intra agency,
pre-decisional document (WRNMMC Case #14-47).  The WRNMMC
Privacy Office does not create a final report.  The quarterly
numbers submitted by WRNMMC are not a final report, because the
reporting entity, DHA, would compile the final numbers of the
quarter in a final report. Upon request of the higher
headquarters, WRNMMC Privacy Compliance Office sends the running
list of actions to the higher headquarters. The information at
that time is pre-decisional.  Given that the reports are now

4

final and publically-available, the WRNMMC FOIA Office will no longer withhold from Plaintiff the four FY13 Quarterly Privacy Act Report Submissions.  A copy of these submissions is being released to Plaintiff.

## C. Request for WRNMMC FOIA Office Tracking numbers (Amended Complaint, paragraph 82)

11.  By letter dated April 26, 2014, Plaintiff submitted a FOIA Request for WRNMMC FOIA tracking numbers and dates pertaining to his 40 FOIA requests that were received from February 26, 2013 through January 17, 2014. Plaintiff's Ex. 5 020. His request included a two-page spreadsheet listing 39 FOIA requests. Ex 5 021-22.

12.  On July 28, 2014, WRNMMC FOIA Office responded with "No Records(s) for your request as stated." Plaintiff's Ex 5 - 018. (WRNMMMC Case #14-43). WRNMMC FOIA Office further explained, "You have WRNMMC tracking numbers in all but 10 of your 39 listings on your chart. In the 10 listings that do not have WRNMMC tracking numbers, it is difficult to decipher which of our tracking numbers to assign as all 10 of your listings have the same requested information that were asked and answered already within our search for all of your medical records." There were no records withheld in response to this request.  The WRNMMC FOIA Office did not assign separate tracking numbers to each of Plaintiff's FOIA requests.  Some of the FOIA requests

were combined for purposes of assigning a tracking number.  The
list which Plaintiff sent to the Agency with FOIA Tracking
numbers was almost identical to the tracking numbers used by the
Agency.  The ten cases on Plaintiff's list without tracking
numbers were all for medical records, which were covered when
Plaintiff asked for "All Medical Records" on June 3, 2014. The
case combining Plaintiff's request for medical records was given
a tracking number of WRNMMC FOIA Case # 14-43 and the response
was provided to these requests to Plaintiff on or about July 28,
2014.  When the WRNMMC FOIA Office responded to FOIA requests,
it would acknowledge the date of receipt of the request.
Therefore, Plaintiff has received the information pertaining to
the dates of his requests.

     13.   The WRNMMC FOIA Office does not maintain a separate
list of Plaintiff's tracking numbers.  The WRNMMC FOIA Office is
not required to create documents under FOIA.  Accordingly, where
the WRNMMC FOIA Office did not assign separate tracking numbers,
there were no numbers re-created to provide to Plaintiff.

**D. Request for WRNMMC FOIA and Privacy Act Reporting Chain
of Command (Amended Complaint, paragraph 99)**

     14.   By letter dated May 6, 2014, Plaintiff submitted a
FOIA Request to WRNMMC requesting records identifying the WRNMMC
FY13 and FY14 reporting Chain of Command for the FY 2013 and FY

2014 FOIA Reports and the FY 2013 and FY 2014 Quarterly Privacy Act Reports to Congress. Plaintiff's Ex. 5 098-99.

15.  In an email dated August 18, 2014, WRNMMC responded to the request providing Plaintiff with the full name and address of the Defense Health Agency Office, which is the office that the WRNMMC reports to with respect to FOIA and Privacy Act reports. Plaintiff's Ex 6 012.

16.  Plaintiff appealed this response complaining it was misleading, incomplete, and insisting that the response should include documents rather than a narrative response.  Plaintiff's Ex. 6 001-006.

17.  On September 15, 2014 the WRNMMC FOIA Office responded that the request was asked and answered and reminded Plaintiff of his appeal rights (WRNMMC Case # 14-47).  Although not required under the FOIA, WRNMMC provided Plaintiff with a narrative response because there are no documents that specifically list the chain of command for WRNMMC with respect to FOIA and Privacy Act Reports. Any documents reflecting the chain of command for WRNMMC are kept in the ordinary course of business in WRNMMC Privacy Compliance Office and a review of those documents located no responsive documents.

**E. Request for WRNMMC FOIA Office Individualized Tracking Numbers from 20 FOIA Requests from April 26, 2014 through May 6, 2014 (Amended Complaint, paragraph 107)**

18.   By letter dated May 25, 2014, Plaintiff submitted a
request for the individualized WRNMMC Tracking numbers for
twenty FOIA requests which he assigned with his personal control
numbers 14-B trough 14-U and records showing the dates these
requests were received by WRNMMC.

19.   In an email sent on or about July 24, 2014, the WRNMMC
FOIA Office responded that the requests had been "asked and
answered" as the information was provided in two previous FOIA
responses designated 14-43 and 14-48.   The WRNMMC FOIA Office
did not provide separate individualized tracking numbers because
the information Plaintiff requested in twenty separate FOIA
requests had separately been provided.   The WRNMMC FOIA Office
is not required to create documents under FOIA.   Accordingly,
where the WRNMMC FOIA Office did not assign 20 separate tracking
numbers, the WRNMMC FOIA Office did not re-create numbers for
Plaintiff.

## F. **Request for Documents Related to DVD Chain-of-Custody (Amended Complaint, paragraph 115)**

20.   By letter dated April 28, 2014, sent via email,
Plaintiff filed a FOIA request with WRNMMC FOIA Office alleging
he had sent a DVD of his own medical records, once previously
provided to him by WRNMMC, back into the mail to WRNMMC.
Plaintiff's Ex. 15 005-006.   He requested "the chain of custody
of that DVD including emails or other documents related to the

8

transfer of the DVD to the Medical Records Department, to the FOIA office, to personnel copying the DVD, back to the FOIA office and to mailing." Plaintiff's Ex. 15 006. WRNMMC believes that Plaintiff allegedly sent this DVD in 2013.

21.   The WRNMMC FOIA Office could not locate the requested chain of custody or the DVD allegedly sent to WRNMMC by Plaintiff ("Plaintiff's 2013 DVD"), despite the search efforts described in paragraphs 22-24 below.

22.   On May 23, 2014, the WRNMMC FOIA Office sent an email to approximately nine WRNMMC employees Plaintiff had identified as possibly having knowledge of Plaintiff's 2013 DVD, and asking if they possessed any responsive records. On May 30, 2014, the WRNMMC FOIA Office inquired individually with the nine employees. The employees had searched their records and found no responsive records.

23.   On or about May 30, 2014, the WRNMMC FOIA Office checked United States Postal Service ("USPS") tracking numbers for the alleged lost Plaintiff's DVD using the tracking number Plaintiff provided. THE USPS responded that an entry on USPS.Com on February 28, 2014, showed item #1035 "was lost after leaving Merrifield, VA on 27 Nov 2013. No additional information is found on this package."

24.   On or about May 30, 2014, the WRNMMC FOIA Office inquired with the WRNMMC Post Office and was informed that there was no record of this item.

25.   On July 25, 2014, the WRNMMC FOIA Office sent Plaintiff an email with a letter attached which informed him there was no "Disk Chain of Custody."  No responsive records were located because the WRNMMC never received Plaintiff's 2013 DVD.

### G. Request for Documents for Disc Label of the Original 2012 DVD and a Copy of the 2012 DVD Request (Amended Complaint, paragraph 121)

26.   By letter dated April 26, 2014, Plaintiff requested the WRNMMC FOIA Office to provide a copy of the front side of a DVD labeled in 2012. Plaintiff, in 2012, gave WRNMMC a copy of medical records he had previously received from WRNMMC ("Plaintiff's 2012 DVD").  After Plaintiff sent WRNMMC Plaintiff's 2012 DVD, Plaintiff asked WRNMMC to make a copy of Plaintiff's 2012 DVD and send that copy to Plaintiff.  That copy was sent to Plaintiff on or about November 19, 2013 ("WRNMMC 2013 DVD").[2] I did not make a copy of that copy but I did make a copy of its label.  On July 25, 2014, the WRNMMC FOIA Office replied in a letter attached to an email (WRNMMC Case #14-43

---

[2]   The WRNMMC 2013 DVD is the same DVD as Plaintiff's 2013 DVD referenced in paragraph 21 above.  I believe that Plaintiff took the WRNMMC 2013 DVD and mailed it back to WRNMMC, but it was never received back by WRNMMC.

46); paragraph 7, "Per your request, a copy of the front side of disk held in this office is provided with this correspondence; WRNMMC#14-46. This matter is closed in this office."  The copy sent to Plaintiff was a copy of the front of Plaintiff's 2012 DVD still held in WRNMMC's possession, as well as the copy of the label of the WRNMMC 2013 DVD sent to Plaintiff.

27.  Plaintiff complains the documents produced were not true copies of the labels on the disks referenced in his request because there were handwritten notations on the disk label which did not exist when he sent the disk in to WRNMMC. Those handwritten notations, however, were made before receipt of Plaintiff's FOIA request for copies and were made directly on the labels on the disks.  Consequently, WRNMMC gave plaintiff what he requested as it existed at the time of his request.

**H. Request for Documents Regarding Two Packages with Certified Mail Tracking Numbers (Amended Complaint, paragraph 136)**

28.  By letter dated April 26, 2014, Plaintiff requested the WRNMMC FOIA Office provide records pertaining to two unsolicited packages he claims he mailed with certified mail with  USPS tracking numbers 7012 1640 0000 9665 4524 1035 and 1640 000 9665 4524. Plaintiff alleged that one package contained a DVD.  Plaintiff did not state what was in the second package.

29.  On or about May 22, 2014, the WRNMMC FOIA Office conducted a comprehensive search of the office and could not locate the requested packages or any record we received them.

30.  Two employees would likely have information about the packages, Ms. Elide Simpson, a contract employee and mail clerk who served the WRNMMC Privacy Office and Ms. Meki Gulley, WRNMMC Post Office supervisor.  On or about May 22, 2014, May 26, 2014, June 12, 2014, June 24, 2014, and July 15, 2014, the WRNMMC FOIA Office inquired about the packages and their mailing records with Ms. Simpson (in person) and Ms. Gulley (by phone).  They searched their offices, where these packages would likely be, and did not find Plaintiff's packages or related mailing records.

31.  On or about July 25, 2014, the WRNMMC FOIA Office replied to Plaintiff in a letter attached to an email, paragraph 4, "We find that (other than the emails you currently have), there is No Record for your request for further correspondences, emails, etc., regarding tracking numbers 7012 1640 0000 9665 4524 1035 and 1640 000 9665 4524. This matter is closed in this office." The letter cited the case number WRNMMC #14-38.

32.  The WRNMMC FOIA Office continued to look for the packages and made similar inquires with Ms. Gulley at the WRNMMC Post Office on or about August 12, 2014, and August 21, 2014, with no results.  On or about August 28, 2014, USPS.com showed

12

item #1640 000 9665 4524 was never logged into the USPS system.
The WRNMMC FOIA Office concluded its search efforts having taken
reasonable measures and exhausted the search for records
pertaining to the unsolicited packages Plaintiff claims to have
mailed. No responsive records were located.

33. Plaintiff continued to inquire about the two packages
in 2015. The WRNMMC FOIA Office made inquiries with Ms. Gulley
at the WRNMMC Post Office on or about February 18, 2015, April
7, 2015, May 11, 2015, and November 6, 2015. The WRNMMC Post
Office did not locate responsive records because the packages
were never received by WRNMMC.

34. With respect to the FOIA requests that are at issue in
this litigation, no responsive records are being withheld from
plaintiff.


**III. Conclusion**

35. For the foregoing reasons, the WRNMMC FOIA Office has
lawfully provided information to Plaintiff's FOIA requests or
accurately responded where no information was available and
conducted reasonable searches to find the information sought.
Accordingly, I respectfully submit this declaration in support
of the Defendants' Motion for Summary Judgment.

\*     \*     \*

13

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of February 2017.

Judy J. Bizzell
Government Information Specialist
WRNMMC, Bethesda, Maryland