IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Hammond,<br><br>　　　　　Plaintiff,<br>v.<br><br>DEPARTMENT OF DEFENSE et al.,<br><br>　　　　　Defendant. | Case No. 16-421(KBJ) |

**FOURTH DECLARATION OF JUDY J. BIZZELL, FREEDOM OF INFORMATION ACT (FOIA) OFFICER FOR WALTER REED NATIONAL MILITARY MEDICAL CENTER**

I, JUDY J. BIZZELL, hereby declare and state:

I.   INTRODUCTION

　　1.　I am a Government Information Specialist assigned as the Freedom of Information Act (FOIA) Officer for Walter Reed National Military Medical Center (WRNMMC). I previously submitted a third declaration ("Third Bizzell Declaration") dated 23 May 2017, which I hereby incorporate by reference.

　　2.　Through the exercise of my official duties, I have become familiar with this civil action and the underlying FOIA requests. I make the following statements based upon my personal knowledge and information made available to me in my official capacity. I am submitting this declaration in response to

1

Plaintiff's List of Outstanding Records ("Plaintiff's List"), as well as Defendants' Renewed Motion for Summary Judgment.

3. The purpose of this declaration is to respond to Plaintiff's List of Outstanding Records, in which he claims he has not received certain responsive information from Defendant. For the Court's convenience, I have identified below each request on Plaintiff's List, in the order it first appears.

II. **PLAINTIFF'S LIST OF OUTSTANDING RECORDS**

A. **Outstanding Records Defendants Have Agreed to Produce**

4. Plaintiff requested the "Walter Reed's FY 2014 FOIA Processing Log, as sent to and received by the Defense Health Agency (DHA). *See* ECF No. 25-1 ¶134." That document is attached to this declaration as Exhibit A. The document is being released with limited redactions in accordance with FOIA Exemption (b)(6). The only information withheld was the name of an individual, other than plaintiff, who requested his or her medical records. Disclosure of this information would constitute a substantial invasion of privacy because it would indicate that the person listed had some kind of medical condition that required the creation of medical records held by WRNMMC. An individual's medical records are clearly a sensitive, private issue, even the very fact that such records exist at a particular medical facility. In withholding this

information, the individual's privacy interest was balanced against any public interest in disclosure. In each instance where information was withheld, it was determined that the individual's privacy interests outweighed any public interest in disclosure of the withheld information. There is no public interest in the names of the requestors seeking access to their medical records. Disclosure of the withheld information would reveal nothing or very little about the operations or activities of WRNMMC or any other government office. As the privacy interests at stake clearly outweigh any public interest in disclosure, release of this information would constitute a clearly unwarranted invasion of personal privacy and, therefore, was withheld under FOIA Exemption (b)(6).

5.     Plaintiff requested "the Original email from Judy Bizzell dated May 23, 2014 [see ECF 18-1 ¶22] and attachment(s) thereto.1 See ECF 25-2 at 15 n.4." This email was referenced in the Third Bizzell Declaration, ¶ 27, note 4. After a thorough search of my computer system and the agencies shared system, I cannot locate the original email I sent. A copy of this email embedded in a response email is attached as Exhibit D, along with the documents I know I attached to my original May 23, 2014 email.

6.     Plaintiff requested "Walter Reed's FY 2013 FOIA Processing Log, as sent to and received by DHA. See ECF No. 27-1

3

¶(e)." I believe that this document was previously released to plaintiff. Nonetheless, it is being released again and is attached to this declaration as Exhibit B. The information withheld from this document consists solely of the names of individuals other than plaintiff who requested their own medical records and has been withheld pursuant to FOIA Exemption (b)(6). The basis for withholding this information is the same as the basis for withholding similar information in the FY 2013 FOIA Processing Log, as described above in paragraph 4, which is incorporated herein.

B.  **Responsive or Potentially Responsive Records or Categories of Records Identified by Plaintiff**

7.  Plaintiff's list of "potentially responsive records" are repetitious requests or entirely new FOIA requests. For the Court's convenience, I will address each request on Plaintiff's List when they first appear.

8.  Paragraph A of Plaintiff's List requested: "Walter Reed FY 2013 Annual FOIA Report Submission (Amended Complaint ¶¶ 31 - 40 and 54-66)." This request was addressed in Third Bizzell Declaration ¶ 4-11. The DHA compiles and submits final Annual FOIA reports which include the information provided by the WRNMMC FOIA Office. The websites containing the final DHA FY 2013 and 2014 reports were previously provided to Plaintiff. The DHA FOIA library is located at http://health.mil/Military-

4

Health-Topics/Privacy-and-Civil-Liberties/FOIA/FOIA-Library. The Report can be located by query from that website at http://health.mil/Search-Results?query=FY13%20Annual%20Report

9. Paragraph A, first bullet, of Plaintiff's List references: "Walter Reed's 2nd, 3rd and 4th Quarterly FY 2013 FOIA Reports submissions to BUMED. *See* ECF 24-12 at 3 (1st Quarter FY 2013 FOIA reporting)." The WRNMMC sends quarterly information on FOIA and Privacy Act requests to BUMED when requested in an email. Those emails were previously released to plaintiff and are being released again, attached to this declaration as Exhibit C. This information is also contained in the FY 2013 FOIA Processing Log, attached as Exhibit B.

10. Paragraph A, second and third bullets, of Plaintiff's List references the WRNMMC's 2013 FOIA Annual Report and FY 2013 FOIA Processing Log. As explained in my third declaration, the FY13 Annual FOIA Report was released to plaintiff on March 9, 2017. Third Bizzell Declaration, ¶¶ 5, 14. The FY 2013 FOIA Processing Log is attached as Exhibit B.

11. Paragraph B of Plaintiff's List requested: "Walter Reed FY 2013 Quarterly Privacy Report Submissions (Amended Complaint ¶¶ 31 - 40 and 67 - 80)." The bullet under this heading requests these reports and forwarding correspondence. As stated in paragraph 9 above, the WRNMMC sends quarterly information on FOIA and Privacy Act requests to BUMED when

5

requested in an email. Those emails were previously released to plaintiff and are being released again, attached to this declaration as Exhibit C. The FY 2013 FOIA Processing Log, attached as Exhibit B, is also responsive to this request.

12. Paragraph C of Plaintiff's List requested: "Official Walter Reed Agency FOIA Individualized Tracking Numbers from February 26, 2013 through January 17, 2014 (Amended Complaint ¶¶ 31 - 34 and 81 - 97)." The request also references the FY 2013 FOIA Processing Log. The request was asked and answered. See Third Bizzell Declaration, ¶¶ 22-25. As explained in my third declaration, "[t]he only documents that would be responsive to this request would be the letters sent to Plaintiff with tracking numbers in response to his FOIA requests, which he had already received, or the FOIA Log, a copy of which he has also received." Third Bizzell Declaration, ¶ 23. We did not re-release to plaintiff the letters we sent to him with his tracking numbers. If plaintiff wants copies of those letters, which he has already received, we will make them available upon request. The FY 2013 FOIA Processing Log is attached as Exhibit B.

13. Paragraph C of Plaintiff's list also includes "Records regarding dates on which FOIA and/or Privacy Act requests were received, whether or not such requests received an agency tracking number. Such records would include the FOIA requests

6

themselves, fax transmissions, certified mail records, forwarding emails, etc." On the contrary, a request for tracking numbers does not include the original FOIA request, because when it is received it has no tracking number on it assigned by the agency. The only records responsive to this request are records that contain the tracking numbers on them. These records would consist of agency correspondence to plaintiff after receipt of a FOIA request, and any letters from plaintiff to the agency that contain the agency's tracking number. The FY 2013 and FY 2014 FOIA Processing Logs would also be responsive. These logs are attached as Exhibits A & B. The correspondence between plaintiff and the agency that contains tracking numbers will be made available again to plaintiff upon request.

14. Paragraph D of Plaintiff's list requested: "FY 2013 & 2014 FOIA & Privacy Reporting Chains of Command (Amended Complaint ¶¶ 31 – 40 and 98 – 105)." The request was asked and answered. See Third Bizzell Declaration ¶¶ 16-21. The first two bullets under this request seek WRNMMC's 2013 and 2014 "Quarterly Privacy Act Reports", which as explained in paragraph 9 above, consist of emails and are being released again to plaintiff as Exhibit C. Bullets three and four were asked and answered in Third Bizzell Declaration ¶¶ 19-21. Bullet five seeks a document I thought was previously released, see Third

7

Bizzell Declaration ¶ 20. It is attached as Exhibit E. Bullet six of Paragraph D references a document entitled "National Capital Region (NCR) Medical Directorate Concept of Operations." This is an entirely new FOIA request which does not provide potentially responsive records related to FOIA or Privacy reporting chains of command. Bullet seven of Paragraph D, references "NCR Medical Directorate Policies concerning FOIA (dated November 1, 2011); document no. 12-005 (11-10) and FOIA Program (dated February 1, 2013; document no. 5400.01. See ECF No. 27-1 at 62." Although this constitutes an entirely new request, a copy is attached as Exhibit F. Bullet eight of Paragraph D requesting, "Standard Operating Procedure - FOIA Quarterly Reports and Consolidation process. See ECF 24-12 at 3 (referenced in subject of email from Phyllis Shaw dated Thursday, January 24, 2013 12:29 PM). This document was released to plaintiff by email dated August 24, 2017, by agency counsel Paul Cygnarowitz.

15. Paragraph E of Plaintiff's List requested: "Official Walter Reed Agency FOIA Individualized Tracking Numbers from April 26, 2014 through May 6, 2014 (Amended Complaint ¶¶ 106 – 114)." This request was made by plaintiff by letter dated May 25, 2014. As noted in paragraph 12 above, tracking numbers pertaining to plaintiff's identified FOIA requests are contained in the responsive letters sent by WRNMMC to plaintiff with

8

respect to his FOIA requests, and those responsive letters also contained the dates of his requests; such information is also contained in the WRNMMC FOIA Processing Logs. We did not re-release to plaintiff the letters we sent to him with his tracking numbers. If plaintiff wants copies of those letters, which he has already received, we will make them available upon request. The FY 2014 FOIA Processing Log is attached as Exhibit A.

16. Paragraph F of Plaintiff's List requested: "Original 2012 Medical Records DVD Chain of Custody (Amended Complaint, ¶¶ 31 - 52 and 114 - 119)." The request was asked and answered. See Third Bizzell Declaration ¶¶ 26-27. Bullet one was asked and answered. See Third Bizzell Declaration ¶ 27. The email referenced in bullet number two, dated May 23, 2014, is attached as Exhibit D. Bullet three refers to responses to the May 23, 2014 email. The responses received are attached as Exhibit G. Bullet five seeks "Ms. Bizzell's contemporaneous notes and other records related to her May 30, 2014 follow-up to her May 23, 2014 email." This constitutes an entirely new FOIA request. Nonetheless, I searched my computer and hard copy documents for any responsive records of this type and located none.

17. Paragraph G of Plaintiff's List requested: "Disc Label Images of the Original 2012 DVD and 2013 Copy of the 2012 DVD Request (Amended Compliant ¶¶ 31 - 52 and 120 - 134)." The

9

request was asked and answered. See Third Bizzell Declaration ¶¶ 28-30.

18. Paragraph H of Plaintiff's List requested: "Records related to Certified Mail with Tracking Numbers 7012 1640 0000 9665 1035 and 7012 1640 0000 9665 4524 (Amended Complaint ¶¶ 31 - 52 and 135 - 155)." Bullets one through eleven suggest various forms of information, documents, and records related to the requested documents, or tangential documents about inquiries or investigations. The request was asked and answered. See Third Bizzell Declaration ¶¶ 31-32.

17. All reasonable segregable, non-exempt information has been released. With respect to the FOIA requests that are at issue in this litigation, no responsive records are being withheld from plaintiff, with the exception of Exemption (b)(6) information consisting of names. No further information can be segregated and released from the limited information currently being withheld.

### III. Conclusion

18. For the foregoing reasons, the WRNMMC FOIA Office has lawfully provided information in response to plaintiff's FOIA requests, withheld limited information pursuant to Exemption (b)(6), or accurately responded where no information was available after having conducted reasonable searches to find the information sought.

\* \* \*

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 14 day of September 2017.

_____
Judy J. Bizzell
Government Information Specialist
WRNMMC, Bethesda, Maryland