UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT HAMMOND,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 16-421 (KBJ) |
| | ) |
| U.S. DEPARTMENT OF DEFENSE, <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO STRIKE**

Seeking to deflect attention from the merits of defendants' motion to strike plaintiff's renewed cross-motion for summary judgment and opposition to defendants' renewed motion for summary judgment ("cross-motion/opposition"), plaintiff argues that defendants' motion is nothing more than an attempt to gain additional time to respond to plaintiff's filing. This argument completely misses the point of defendants' motion. Defendants' position is that they should not have to even respond to plaintiff's cross-motion/opposition as filed, given that it violates Local Rule 7(e), and this Court's General Order, dated April 7, 2016 ("General Order"), as to the page limitation for a memorandum of points and authorities in support of or in opposition to a motion.

Plaintiff argues that no rule of civil procedure authorizes defendant's motion to strike.[1]

---

[1] Plaintiff's discussion of Rule 12(f) is mystifying, given that plaintiff's counsel and defense counsel spoke about this issue and defense counsel specifically informed plaintiff's counsel that because the motion to strike was not directed at a pleading, Rule 12(f) did not apply. The same holds true for plaintiff's discussion about the timeliness of plaintiff's filing. When plaintiff's counsel pointed out to defense counsel that the deadline for plaintiff's filing fell on a Sunday, defense counsel promptly agreed that the filing was timely and apologized for representing that it was not. Defense counsel also apologizes to the Court for this error in defendants' footnote one

Notably, however, plaintiff cites no authority for the proposition that a rule of civil procedure must be the basis for any motion to strike.  This Court's General Order states that "[t]he Court may reject any filing that, without leave, is filed out of time or exceeds the page limitations established in the Local Rules or in an Order of this Court."  General Order, 5(a)(iv).  This certainly provides a basis for defendant's motion to strike, given that plaintiff's filing violated both the Local Rules and this Court's General Order.

Plaintiff next argues that a motion to strike will be granted only if the portions sought to be stricken are immaterial, prejudicial or scandalous.  Plaintiff's Opp. at 3.  The cases upon which plaintiff relies, however, concern a motion to strike a pleading under Federal Rule of Civil Procedure 12(f).  Given that defendants' motion is not brought under Rule 12(f), plaintiff's citations to Gates v. D.C., 825 F. Supp.2d 168, 169 (D.D.C. 2011), Nwachikwu v. Rooney, 362 F. Supp.2d 183, 190 (D.D.C. 2005), and Uzlyan v. Solis, 706 F. Supp.2d 44, 51-52 (D.D.C. 2010), are irrelevant.

Defendants' motion was brought, in large measure, under Fed. R. Civ. P. 7(e), and this Court's General Order.  Plaintiff's opposition mentions neither of these.  Instead, plaintiff argues that his filing complies with Local Rule 7(h).  Plaintiff's Opp. at 5.  Defendants' motion to strike, however, is not based on any violation of Local Rule 7(h); plaintiff's argument regarding this rule, therefore, is similarly irrelevant.

Plaintiff does not dispute that Rule 7(e), and this Court's General Order, limit his memorandum to 45 pages.  Id;  Docket No. 8 at 5(a)(iii).  Plaintiff also does not dispute that this Court's General Order cautions counsel not to try and circumvent these page limitation

---

of the motion to strike.

2

restrictions.  Id.  Plaintiff further does not dispute that his memorandum in support of his opposition and renewed motion for summary judgment expressly incorporates by reference plaintiff's renewed statement of undisputed material facts, along with among other documents, plaintiff's responses to defendants' three declarations.  Docket No. 33-1 at 3.  Finally, plaintiff does not dispute defendant's representation that, given the documents incorporated by reference into his memorandum, his memorandum is, in essence, well over 300 pages.  See Motion to Strike at 2-3.

As made clear in the motion to strike and accompanying proposed order, defendants are not seeking to preclude plaintiff from responding to their renewed motion for summary judgment.  Instead, defendants reasonably seek to have plaintiff be required to conform his response to Local Rule 7(e ) and this Court's General Order, in order to give defendants, and this Court, a manageable filing to address.  This is hardly a "frivolous" position as plaintiff claims.  Plaintiff's Opp. at 7.

Finally, plaintiff does not dispute that by Order dated July 25, 2017, this Court ordered plaintiff to provide defendants, on or before July 28, 2017, with a list of all documents that plaintiff believed remain outstanding as of that date.  Docket No. 29 (emphasis added).  Plaintiff just ignores that Order.  Plaintiff also does not dispute that on July 28, 2017, plaintiff filed a 7-page list of records plaintiff had reason to believe exist and would be responsive to his FOIA requests, although, contrary to the Court's Order, plaintiff stated that the list was not meant to be "exclusive or exhaustive."  Docket No. 30 at 1.

As pointed out in defendants' motion to strike, as a part of his cross-motion for summary judgment and opposition memorandum, plaintiff filed a 44-page list of records outstanding as of November 12, 2017.  Docket No. 33-15.  Plaintiff offers no explanation as to why this list was


not conveyed to defendants pursuant to the Court's July 25, 2017 Order. That Order was issued as a result of defense counsel's request that plaintiff put defendants on notice, before briefing renewed motions for summary judgment, of the records plaintiff contends are responsive to his request that have not been produced. Although plaintiff certainly is not expected to be aware of records in defendants' possession that plaintiff does not know about, the point of defense counsel's reasonable request was to have plaintiff identify any records that he was aware of that he believed were still outstanding, so defendants could address this issue before filing their renewed motion to dismiss. Plaintiff's meager 7-page response to the Court's July 25, 2017 Order, followed by a 44-page list of outstanding records, with no explanation as to why the 44-page document was not produced in response to the Court's July 25, 2017 Order, presents a solid basis for defendants' motion to strike, especially given that the 44-page filing appears simply to be additional argument as to why plaintiff does not believe that defendants have complied with the FOIA in regard to his requests, and increases his memorandum by another 44 pages given that this list is also incorporated by reference into his memorandum. See Docket No. 33 at 3.

In the end, defendants simply seek to have plaintiffs comply with the Local Rules and this Court's General Order, which were designed to keep filings to a manageable length, absent extenuating circumstances requiring a departure from these page limitations. Plaintiff has presented no such circumstances, and thus should be required to adhere to Local Rule 7(e ) and this Court's General Order.

## CONCLUSION

Accordingly, for all of the reasons set forth above, and those set forth in defendants' motion to strike, defendants respectfully submit that their motion to strike should be granted, and

that plaintiff should be ordered to refile his cross-motion/opposition memorandum in conformance with Local Rule 7(e) and this Court's General Order.

        Respectfully submitted,

        JESSIE K. LIU, D.C. Bar # 472845
        United States Attorney
         for the District of Columbia

        DANIEL F. VAN HORN, D.C. BAR #924092
        Chief, Civil Division

        /s/ *Marina Utgoff Braswell*
        MARINA UTGOFF BRASWELL, D.C. BAR #416587
        Assistant United States Attorney
        U.S. Attorney's Office
        555 4th Street, N.W. - Civil Division
        Washington, D.C. 20530
        (202) 252-2561
        Marina.Braswell@usdoj.gov